By the Court.
This is an original action in mandamus, wherein the relator, Lewis Voight, Jr., prays for a peremptory writ of mandamus commanding respondent to enter upon the journal of his court his decision upon an application filed to set aside a writ of execution issued from his court.
*257 Acting upon the suggestion noted in the case of State, ex rel. Voight, Jr., v. Lueders, Probate Judge, decided at the present term, ante, 211, the relator on April 28, 1920, filed his application in the probate court to set aside the writ of execution issued on an alleged judgment in that court, which execution was then in the hands of the sheriff.
It appears further from the proceedings that on April 29, 1920, a hearing was had upon said application. Prior to that time, however, it also appears that an action had been filed against the relator in the court of common pleas of Hamilton county in cause No. 174,344, wherein attachment had been issued attaching the stock certificate in question, and that' the coroner of that county had seized the certificate of stock under a writ of attachment and had taken possession thereof from the sheriff who was holding the same under a writ of execution issued from the probate court. These facts being made to appear to the probate court, and that the property was no longer in the hands of the sheriff, that court decided that since the execution had spent its force no order or finding could lawfully be made by him which would give life, and effect to the execution, and that any action by the probate court would be futile and of no avail. No journal entry was made of this decision.
In this action we are not called upon to decide whether, as claimed by the relator, the order of attachment issued from the common pleas court was validly executed by seizure of the stock or should have been executed by proceedings in gar *258 nishment under Section 11829, General Code. (Locke v. Butler, 19 Ohio St., 587.) That feature of. the case remains to be disposed of in the common pleas court action.
Since the application of the relator to set aside the writ was properly presented to the probate court it was incumbent upon that court to act upon that application and enter its determination on the journal. The court speaks through its journal. A-peremptory writ will therefore be awarded to the relator commanding the respondent to enter upon his journal his decision upon the application of the relator to set aside the writ of execution.

Writ allowed.

Jones, Matthias, Johnson, Robinson and Merreix, JJ., concur.